# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SEAN M. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV112 RWS |
| | ) | |
| ST. LOUIS CITY JUSTICE | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 9403), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $20.23. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $101.17, and an average monthly balance of $14.52. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $20.23, which is 20 percent of plaintiff's average monthly deposit..

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff, an inmate at the St. Louis City Justice Center, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Named as defendants are the St. Louis City Justice Center, the "Mental Health Department" of the Justice Center and Dr. Siddiqui.

Plaintiff claims that he suffers from schizophrenia, for which he needs medication. He states that he was provided a medication for his condition at the time he arrived at the Justice Center and beyond, but that over time, he has started to believe that the medication he is receiving is not assisting his mental health to the fullest extent it could be. Plaintiff claims that he has discussed a change in medication with Dr. Siddiqui but that the doctor has declined to change the medication. He claims that Dr. Siddiqui has instead offered to increase the dosage on the medication he is currently receiving.

Plaintiff asserts that the "Mental Health Department" at the Justice Center and Dr. Siddiqui have been deliberately indifferent to his mental health needs in violation of his civil rights because they refuse to give him the same medication he was receiving from his other health providers when he was "on the outside." Plaintiff seeks monetary damages and injunctive relief for the alleged violations of his civil rights.

## Discussion

Plaintiff's claim against the St. Louis City Justice Center, and its "Mental Health Department" is legally frivolous because the Justice Center is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004).

Moreover, the complaint is silent as to whether defendant Siddiqui is being sued in his official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of Dr. Siddiqui's employer - Corizon, Inc. - is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Corizon, Inc. was responsible for the alleged violations of plaintiff's constitutional rights. As such, plaintiff's complaint has failed to state a claim upon which relief may be granted.

Even if plaintiff's complaint had stated an individual capacity claim against Dr. Siddiqui, he still would not have stated a claim against him for deliberate indifference to his medical needs in violation of the Eighth Amendment. "To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must allege that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Plaintiff's mere disagreement with the treatment he is being provided by Dr. Siddiqui is simply not enough to state a claim under the Eighth Amendment, as plaintiff admits that he is actually being provided treatment for his illness by Dr. Siddiqui.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $20.23 within thirty (30) days of the date of this Order. Plaintiff is instructed to

make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of March, 2014.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE